**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PENNY JACKSON**                                                                                    **PLAINTIFF**

**vs.**                                    **4:08CV03610-WRW**

**BAUXITE SCHOOL DISTRICT, a Body Corporate;**
**MICKEY BILLINGSLEY, In His Individual and**
**Official Capacity as Superintendent of Schools; and**
**SAMMY ROBERSON, In His Individual and Official**
**Capacity as Maintenance Supervisor**                                            **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's Motion for Partial Summary Judgment (Doc. No. 17).  Defendants

have responded.[1]  Also pending is Plaintiff's Motion to Strike Statement of Facts (Doc. No. 29),

to which Defendants have responded.[2]

Plaintiff asserts claims for sexual harassment and retaliation in violation of both Title

VII[3] and the ACRA.[4]  Plaintiff's pending motion contends that she is entitled to Summary

Judgment on three issues of liability: (1) that "[Plaintiff] was sexually harassed by her supervisor

and suffered tangible adverse employment action therefrom";[5] (2) that "[Plaintiff], as a result of

---

[1]Doc. No. 23.

[2]Doc. No. 34.

[3]42 U.S.C. § 2000e, *et. seq*, the Equal Employment Opportunity Act; Doc. No. 1.

[4]Ark. Code Ann. § 16-123-101, *et. seq*., the Arkansas Civil Rights Act of 1993;
Doc. No. 1.

[5]Doc. No. 19.

[Defendant Roberson's] behavior, was subjected to a hostile work environment";[6] and (3) that "[Plaintiff] was retaliated against for her opposition to sexual harassment which ultimately resulted in her termination."[7]  For the reasons set out below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

Plaintiff also filed a Motion to Strike Defendant's Statement of Facts, because the Statement was filed late.[8]  For the reasons set out below, Plaintiff's Motion to Strike Defendant's Statement of Facts is DENIED, and Plaintiff's request that her facts be deemed admitted is also DENIED.

## I.     BACKGROUND

Defendant, Bauxite School District, hired Plaintiff for a one-year term as a custodian.[9] Plaintiff's direct supervisor was Diana Thompson, who was immediately subordinate to the Maintenance Supervisor, Defendant Sammy Roberson.[10]  Mr. Roberson has input in the renewal or non-renewal of subordinate employee contracts.[11]  Defendant Billingsley is Superintendent of the Bauxite School District.[12]  Mr. Billingsley recommends the renewal of employee contracts to the Bauxite School Board.[13]

---

[6]*Id.*

[7]*Id.*

[8] Doc. No. 29.

[9]Doc. Nos. 4, 8-2.

[10]Doc. Nos. 8, 8-3.

[11]Doc. No. 18-4.

[12]Doc. Nos. 18, 26.

[13]*Id.*

Plaintiff alleges that, shortly after beginning employment with the Bauxite School District, she was subjected to continuing sexual harassment by Defendant Roberson.[14]  Plaintiff says Defendant Roberson made numerous inappropriate sexual comments to her, and often engaged in inappropriate sexual behavior.[15]  Some of these instances were allegedly witnessed by co-workers.[16]

According to Plaintiff's affidavit, the severity of these instances peaked in early March, 2007, including one incident where Defendant Roberson told Plaintiff he was attempting to look down her shirt, and another incident where he asked Plaintiff intimate questions about her personal habits.[17]  Following these events, Plaintiff notified Diana Thompson (Plaintiff's direct supervisor) that she felt sexually harassed by Mr. Roberson.[18]  Plaintiff's complaints were then communicated to other supervisors, including Defendant Billingsley.[19]  Defendant Billingsley conducted an investigation into Plaintiff's allegations.[20]

Defendant Billingsley directed Plaintiff and Defendant Roberson to "stay away from" one another.[21]  In May, 2007, however, Plaintiff and Defendant Roberson were both present at an

---

[14]Doc. No. 19.

[15]Doc. No. 18-7.

[16]*Id.*

[17]*Id.*

[18]*Id.*

[19]Doc. No. 26.

[20]*Id.*

[21]*Id.*

employee cookout.[22]  Defendant Billingsley formally reprimanded Plaintiff for not staying away

from Defendant Roberson;[23] Defendant Roberson was not reprimanded.[24]  In June, 2007,

Plaintiff was notified that her contract would not be renewed for the following academic year.[25]

Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC"), alleging sexual discrimination and retaliation.[26] Plaintiff filed suit after

receiving her Right to Sue notice from the EEOC.[27]

## II.   DISCUSSION

### A.   Motion to Strike Defendants' Statement of Facts and Request For Order Declaring Plaintiff's Statement Admitted.

Along with her Motion for Partial Summary Judgment, Plaintiff filed a Statement of

Undisputed Facts as required by Local Rule 56.1(a).[28]  Defendants responded to the Motion for

Summary Judgment,[29] but did not include a Rule 56.1 Statement of Facts.  However, six days

after the summary judgment response deadline, Defendants filed their Rule 56.1 Statement of

_____

[22]Doc. Nos. 1, 2, & 4.

[23]Doc. Nos. 18-16, 18-4.

[24]*Id.*

[25]Doc. Nos. 1, 2, & 4.

[26]Doc. No. 1, Exhibit A.

[27]*Id.*

[28]Doc. No. 18; Local Rule 56.1(a) of the Eastern District of Arkansas provides that, when a party moves for summary judgment, the motion must be accompanied by a "short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." All material facts in the moving parties' statement "shall be deemed admitted unless controverted by the statement filed by the non-moving party. . . ." (Local Rule 56.1(c)).

[29]Doc. Nos. 23, 26.

Facts.[30]  Plaintiff filed a Motion to Strike, and requested that Plaintiff's Statement of Material Facts be deemed admitted.[31]

The purpose of Local Rule 56.1 is to "help[ ] the Court determine those facts on which the parties agree, and those on which they do not agree."[32]  Both parties' filings present me with the facts necessary to decide this motion, and I find there is no prejudice in admitting Defendants' Statement of Facts.  Accordingly, Plaintiff's Motion to Strike is DENIED, and Plaintiff's request that her facts be deemed admitted is also DENIED.

### B.    Motion for Partial Summary Judgment

#### 1. Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[33]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[34]

---

[30]Doc. No. 28.

[31]Doc. Nos. 29, 32.

[32] *Duvall v. City of Rogers*, No. Civ. 05-5001, 2005 WL 3784932, at *1 (W.D. Ark. Dec. 20, 2005) (unpublished decision).

[33]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[34]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[35]   Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[36]   I must view the facts in the light most favorable to the party opposing the motion.[37]   The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[38]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[39]

For the purposes of this Order, then, my analysis will assume that Plaintiff has offered evidence which supports her claims, and first look to whether Defendants have come forward with specific evidence that establishes the existence of material fact questions.  And, "[b]ecause discrimination cases often turn on inferences rather than on direct evidence," I must be

---

[35]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[36]*Id.* at 728.

[37]*Id.* at 727-28.

[38]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[39]*Anderson*, 477 U.S. at 248.

particularly deferential to the Defendants.[40]  Only if Defendants fail to demonstrate a material

controversy will I then analyze whether Plaintiff is entitled to judgment as a matter of law.

### 2. The Appropriate Defendants, and Analysis of ACRA and Title VII claims

Allegations of sexual harassment or retaliation under the ACRA are analyzed in the same

manner as Title VII claims,[41] except there is no individual liability under Title VII.[42]

Accordingly, any cause of action under Title VII against Defendants Billingsley and Roberson in

their individual capacities is DISMISSED, and I address the remaining federal and state claims

together.

### 3. Sexual Harassment in Violation of Title VII and ACRA

Harassment on the basis of sex is a form of discrimination prohibited by Title VII of the

Civil Rights Act of 1964.[43]  A plaintiff may bring two distinct sexual harassment claims under

Title VII:[44] a worker may claim that she was subjected to sexual harassment resulting in a hostile

work environment; or a worker may claim that a tangible employment action resulted from

---

[40]*EEOC v. Woodbridge Corp*., 263 F.3d 812, 814 (8th Cir. 2001) (citing *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir.1994)).

[41]*Island v. Buena Vista Resort*, 352 Ark. 548 (2003) (harassment); *Littleton v. Pilot Travel Ctrs., LLC*, No. 08-1221, 2009 WL 1544436, *643 (8th Cir. June 4, 2009) (retaliation) (citing *Clegg v. Ark. Dept. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007)); see Ark.Code Ann. § 16-123-103(c).

[42]See *Bales v. Wal-Mart Stores*, 143 F.3d 1103, 1111 (8th Cir. 1998).

[43]42 U.S.C. §2000e-2(a)(1), which reads in relevant part: "It shall be an unlawful employment practice for an employer . . . (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.];" See also *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986) (sexual harassment is "a form of sex discrimination prohibited by Title VII").

[44]See *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Smith v. Foote's Dixie Dandy, Inc.*, 941 F. Supp. 807 (E.D. Ark. 1995).

refusal to submit to a supervisor's sexual demands.[45]  Plaintiff requests summary judgment for both kinds of Title VII sexual-harassment claims, but Defendants establish triable issues of fact that make summary judgment improper.

      To establish a *prima facie* case of hostile work environment sexual harassment, Plaintiff must show: (1) membership in a protected group or class; (2) unwelcome sexual harassment; (3) the harassment was based on her sex; (4) resulting in an effect on a term, condition, or privilege of  employment; and (5) that the employer knew or should have known about the harassment and failed to take proper remedial action.[46]  To establish a  *prima facie* case of tangible employment action sexual harassment, Plaintiff must show: (1) she was a member of a protected group or class; (2) unwelcome sexual harassment in the form of sexual advances or requests for sexual favors; (3) the harassment was based on her sex; and (4) her refusal to submit resulted in a tangible employment action.[47]

      Even assuming that Plaintiff offers sufficient evidence to support her claims, Defendants present controverting evidence establishing a question of material fact under both Title VII claims.  First, in his affidavit, Defendant Roberson denies any sexually suggestive remarks or engaging in any conduct that would constitute sexual harassment.[48]  Next, Defendant Billingsley denies that Plaintiff's complaints ever played a part in her termination.[49]  Instead, Defendants offer evidence, including written statements from other employees, that Plaintiff's termination

---

[45]*Id.*

[46]*Id.*

[47]*Id.*

[48]Doc. No. 25.

[49]Doc. No. 26.

was the result of her absenteeism and unpleasant behavior.[50]  Viewing the record in a light most

favorable to the Defendants, there remain genuine issues of material fact as to whether

harassment occurred, and if so, whether it effected Plaintiff's employment.

Accordingly, Plaintiff's Motion for Summary Judgment as to the sexual harassment

violations of Title VII and the ACRA is DENIED.

### 4. Retaliation in Violation of Title VII and ACRA

Under Title VII, an employer is prohibited from discriminating against an employee

"because he has opposed any practice made an unlawful employment practice by this

subchapter."[51]  Plaintiff establishes a *prima facie* case for retaliation if she can show: (1) that she

engaged in statutorily protected activity; (2) an adverse employment action was taken against

her; and (3) a causal connection exists between the two events.[52]  The issue here is whether there

is a dispute of material fact about the causal connection between Plaintiff's termination and her

complaints about harassment.

Again, Defendants offered evidence that raises a genuine issue of material fact as to the

causal connection between Plaintiff's termination and her complaints.[53]  Viewing this evidence

in a light most favorable to Defendants, summary judgment would be improper.[54]

---

[50]*Id.*

[51]42 U.S.C. § 2000e-3(a).

[52]*Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 913-14 (8th Cir. 2006).

[53]Defendant Billingsley denies that Plaintiff's complaints ever played a part in her termination, and offers evidence that Plaintiff's termination was the result of her absenteeism and unpleasant behavior. (Doc. No. 26.)

[54]See *Valdez v. Mercy Hosp.*, 961 F.2d 1401, 1403 (8th Cir. 1992) ("Title VII protection from retaliation for filing a complaint does not clothe the complainant with immunity for past and present inadequacies [or] unsatisfactory performance.").

Accordingly, Plaintiff's Motion for Summary Judgment as to retaliation violations under Title VII and the ACRA are DENIED.

## CONCLUSION

For the reasons set out above, Plaintiff's Motion to Strike Defendants' Statement of Facts is DENIED, and Plaintiff's request that her facts be deemed admitted is DENIED.

Any causes of action under Title VII against Defendants Billingsley and Roberson in their individual capacities are DISMISSED.

When viewed in a light most favorable to the Defendants, the record shows that there are issues of material fact about Plaintiff's claims of harassment and retaliation in violation of Title VII and the ACRA. Plaintiff's Motion for Partial Summary Judgment is DENIED.

IT IS SO ORDERED this 8th day of October, 2009.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE