**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PENNY JACKSON**                                                                      **PLAINTIFF**

**v.**                                            **No. 4:08-CV-3610-WRW**

**BAUXITE SCHOOL DISTRICT**                                              **DEFENDANTS**

### AMENDED ORDER

Pending is Plaintiff's Motion for Equitable Relief in the form of Front Pay, Prejudgment Interest, and Post Judgment Interest (Doc. No. 69), to which Defendant has responded,[1] and Plaintiff has replied.[2]  Plaintiff's Motion is GRANTED as follows.

## I.    BACKGROUND

A jury awarded Plaintiff Penny Jackson $50,000.00 in damages ($15,000 in back pay and $35,000 in other[3] damages) after finding against Defendant Bauxite School District on her Title VII[4] and Arkansas Civil Rights Act[5] sexual harassment and retaliation claims.[6] Here, Jackson

---

[1]Doc. No. 74.

[2]Doc. No. 76.

[3]This amended order corrects a typo: Jackson was awarded $35,000 in "other" damages, not punitive damages, as the previous order incorrectly stated.

[4]42 U.S.C. § 2000e, *et. seq*, the Equal Employment Opportunity Act; Doc. No. 1.

[5]Ark. Code Ann. § 16-123-101, *et. seq*., the Arkansas Civil Rights Act of 1993; Doc. No. 1.

[6]Doc. No. 59. Although the Jury found that Jackson had been sexually harassed, it also found that the School District's affirmative defense was met so no liability attached to the sexual harassment claim. *Id.*

requests and is awarded front pay for a period of one year. She is also entitled to pre and post judgment interest as set out below.

## II.    DISCUSSION

### A.    Front Pay is the Appropriate Equitable Relief

Jackson is entitled to the equitable relief[7] of front pay, rather than reinstatement, because of the "substantial hostility, above that normally incident to litigation,"[8] demonstrated between the parties at trial and in the post-trial record.

Typically, reinstatement is preferred over front pay.[9]  But, front pay is the "monetary equivalent of reinstatement, to be given . . .  in situations where reinstatement is impracticable or impossible."[10]  For example, front pay may be awarded in place of reinstatement when hostility between the parties rises to such a degree "that a productive and amicable working relationship would be impossible."[11] That is the situation here.

The parties' considerable animosity was demonstrated at trial. Jackson's animosity toward the School District is understandable since the core of her successful claim was that administrators and supervisors first ignored, then punished, and ultimately terminated her for complaining of egregious sexual harassment. The School District's defense, on the other hand,

---

[7]*Briseno v. Central Technical Cmty. Coll. Area*, 739 F.2d 344, 347-48 (8th Cir. 1984) ("Congress invested broad equitable discretion to the federal courts to carry out the 'make whole' objective of Title VII") (citation omitted).

[8]*United Paperworkers Int'l Union, AFL-CIO, Local 274 v. Champion Int'l Corp.*, 81 F.3d 798, 805 (8th Cir.1996) ("[s]ubstantial hostility, above that normally incident to litigation, is a sound basis for denying reinstatement").

[9]*Sellers v. Mineta*, 358 F.3d 1058, 1068 (8th Cir. 2004).

[10]*Kramer v. Logan County Sch. Dist. No. R-1*, 157 F.3d 620, 626 (8th Cir. 1998).

[11]*Cox v. Dubuque Bank & Trust Co.*, 163 F.3d 492, 498 (8th Cir. 1998).

centered on the testimony of administrators and supervisors describing Jackson as a bad employee, universally disliked by her co-workers. Although Jackson's Complaint originally requested reinstatement,[12] her post-trial change of heart is understandable.

Additionally, although the School District argues for reinstatement,[13] its post-trial briefs reveal increasing animosity, and at points it even concedes that Jackson would face continued hostility at work.[14]

Based on my observations at trial and the parties' post-trial papers, I find that "a productive and amicable working relationship would be impossible," and that reinstatement would actually be inequitable. Accordingly, Jackson is entitled to front pay.

### B.      Method and Standard for Calculating Front Pay

To calculate the front pay award, I must first determine the period of time for which front pay should be awarded, multiplied by the yearly rate of pay plus any yearly benefits. Jackson bears the burden of providing the necessary data, including the length of time plaintiff would have worked for the defendant but for the unlawful discrimination. The School District, in turn, may challenge the duration or amount, as well as assert the affirmative defense that Jackson

---

[12]Doc. No. 1.

[13]Doc. No. 90.

[14]These are just a few, though not necessarily the most damning, examples of the School District's statements: "[Jackson's] co-workers disliking her is almost certain to be a recurring situation regardless of her place of employment"; "mainly due to her abrasive and sometimes profane personality, the Plaintiff made few friends"; "[Ms. Jackson] is not liked by most of her former co-workers . . . she was disliked from early in her employment." *See* Doc. No. 75. Additionally, Jackson has offered evidence that the School District is asking for reinstatement mainly to avoid paying front pay, not because it believes that her re-employment would be amicable. *See* Doc. No. 90.

failed to mitigate her damages.[15] I may consider any facts not in conflict with a jury finding,[16] and must avoid an overly speculative[17] or "windfall"[18] award. For the reasons that follow, I find that the School District owes Ms. Jackson one year of front pay, totaling $22,313.48 ($20,000 for one year of salary, plus $2,313.48 in benefits).

### 1.    Duration

Plaintiff requests five years of front pay, but I find that one year is appropriate.

As the length of time for which front pay is requested increases, so does the degree of speculation, and Jackson's evidence does not substantiate that she will be unable to find comparable employment for five years.[19] At the time she was terminated, Jackson had worked for the School District for less than a year and was an at-will employee in an entry-level job. At fifty-two years old, she will not retire for ten or more years, and in this respect she is a good applicant for entry-level jobs. Any award of front pay longer than a year would ignore the

---

[15]*McKnight v. General Motors Corp.*, 973 F.2d 1366, 1372 (7th Cir. 1992), *cert. denied*, 507 U.S. 915 (1993); *Ogden v. Wax Works Inc.*, 29 F. Supp. 2d 1003, 1017 (N.D. Iowa 1998).

[16]*Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999). Facts the Eighth Circuit deems particularly dispositive are: the length of time the plaintiff had been employed with the defendant-employer; the likelihood employment would have continued absent the discrimination; and the length of time it will take the plaintiff to secure employment with pay and responsibilities equal to what she had before the discrimination using reasonable efforts. See *Ogden*, 29 F. Supp. 2d at 1013.

[17]*Ogden*, 29 F. Supp. 2d at 1012.

[18]See, *e.g.*, *Suggs v. Service Master Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996) (observing that "[a]wards under Title VII must be reasonable: An employee who was discriminatorily discharged must be made whole, but is not entitled to a windfall.")

[19]*Ogden*, 29 F. Supp. 2d at 1012.

likelihood that, with reasonable diligence, she ought to be able to find comparable employment at some point in the near future.[20]

On the other hand, if Ms. Jackson had continued working for the School District after her first year, she would no longer have been an at-will employee, and she may have been entitled to a  year-long contract with greater job security. Instead, Jackson now faces significant obstacles in the job market, especially during the current recession: she does not have a high-school diploma, which is necessary even for some entry level positions; and, living in a small community, Jackson's job search may involve various social obstacles resulting from this very public lawsuit.

In a somewhat similar contractual relationship between a teacher and a school district, the Eighth Circuit upheld a front pay award of two years.[21] Here, though, the differences between the diploma-dependant teaching position in that case, and the entry-level positions sought by Jackson, suggest that one year of front pay is appropriate.

### 2.     Rate of Pay

Jackson submits that her salary was $20,000 a year plus yearly benefits totaling $2,313.48.[22] The School District did not refute these figures, and their silence serves as confirmation, especially in a wrongful termination action, because "the risk of lack of certainty with respect to projections of lost income must be borne by the wrongdoer, not the victim."[23]

---

[20]See *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1177-78 (N.D. Iowa 2003).

[21]See *Cowan v. Strafford R-VI School Dist.*, 140 F.3d 1153, 1159 (8th Cir. 1998) (finding that two years of front pay was proper after the court deemed reinstatement inappropriate and the teacher had yet to complete her probationary year at the school).

[22]Doc. No. 90.

[23]*Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889 (3rd Cir. 1984).

Although an award of front pay should usually be discounted to reflect its present value, many courts have opted to apply the total offset method,[24] which removes the need to calculate present value by refraining to take raises or inflation into account. This method is particularly appropriate here given the relatively short duration of the front pay award.[25] Accordingly, Jackson is awarded the full $22,313.48 in front pay.

### 3.      Mitigation

The School District does not present sufficient evidence to prove that Jackson failed to mitigate her damages. Although a Title VII claimant seeking front pay has a duty to mitigate damages, the law only requires an honest, good faith effort to secure a similar position.[26] The School District's argument for failure to mitigate consists of a cursory run down of jobs Jackson has held since being fired as a janitor (facts the Jury already considered in its award of back pay), a copy of the current classifieds in her area, and a suggestion that Jackson is qualified to apply for some of those jobs.[27] Although this information may suggest that Jackson could do more to find alternative employment, it does not demonstrate that her efforts have been so deficient as to be unreasonable and not in good faith.[28] Accordingly, Jackson's front pay award is not reduced for failure to mitigate.

---

[24]*Ogden,* 29 F. Supp. 2d at 1012.

[25]A discount rate of 2% would decrease the amount of front pay from $22,313.48 to $21,875.96, and a discount rate of 5% would decrease the amount to $21,250.93.

[26]*EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992).

[27]Doc. No 91.

[28]See *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1179 (N.D. Iowa 2003); *Ogden*, 29 F. Supp. 2d at 1018.

### C.      Interest

Pre-judgment interest on Jackson's back pay award is set at 3.25 percent per annum, the prime interest rate; and Jackson is entitled by law to post-judgment interest on the entire award.[29]

## CONCLUSION

Based on the findings of fact and the conclusions of law above, Plaintiff's Motion for Equitable Relief (Doc. No. 69) is GRANTED, and:

1)      Pre-judgment interest on the Jury's $15,000 back pay award will be calculated at the rate of 3.5 percent per annum for the period of June 26, 2007, until the date of judgment herein;

2)      Plaintiff is awarded $22,313.48 in front pay; and

3)      Post-judgement interest on the entire award will be calculated at the rate provided by law.[30]

Because Judgment will be entered on this day, the parties should brief the remaining issue of the final amount of attorney's fees and costs to date. Plaintiff's brief is to be filed by 5:00 p.m., Wednesday, August 11, 2010, and Defendant should respond by 5:00 p.m., Monday, August 16, 2010.

IT IS SO ORDERED this 5th day of August, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[29]*See* 28 U.S.C. § 1961.

[30]*Id.*