**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PENNY JACKSON**                                                                                           **PLAINTIFF**

**vs.**                                              **4:08CV03610-WRW**

**BAUXITE SCHOOL DISTRICT**                                                                        **DEFENDANT**

<u>**ORDER**</u>

Pending are Motions for Attorneys' Fees on behalf of the law firm of Holleman &

Associates, P.A. (Doc. Nos. 63, 85, 89, 97), to which there have been a response and reply.[1]

Also pending are Motions for Attorneys' Fees on behalf of Madison Law Firm and Standridge

Law Firm (Doc. Nos. 67, 98), to which there have been a response and reply.[2]

The Motions for Attorneys' Fees are GRANTED as follows.

**I.      BACKGROUND**

A jury awarded Plaintiff Penny Jackson $50,000.00 in damages ($15,000 in back pay and

$35,000 in other damages) after finding against Defendant Bauxite School District on her Title

VII[3] and Arkansas Civil Rights Act[4] retaliation claims.[5] The jury also found that Jackson had

---

[1]Doc. Nos. 81, 84, 104.

[2]Doc. Nos. 81, 83, 104.

[3]42 U.S.C. § 2000e, *et. seq*, the Equal Employment Opportunity Act; Doc. No. 1.

[4]Ark. Code Ann. § 16-123-101, *et. seq*., the Arkansas Civil Rights Act of 1993; Doc. No. 1.

[5]Doc. No. 59.

been sexually harassed, but that the School District proved its affirmative defense so no liability attached to the sexual harassment claim.[6] I later awarded Jackson $22,313.48 in front pay.[7]

Jackson's separate attorneys -- Holleman & Associates, P.A., the Madison Law Firm, and the Standridge Law Firm -- submit Motions for attorneys' fees and costs. Mr. Standridge and Mr. Madison began representation of Jackson in early 2007 and continued that representation through the present. Around March 10, 2009, until December 9, 2009, Mr. Madison was employed by Holleman & Associates, P.A., which represented Jackson for that time period, principally through Mr. Madison as a salaried employee, but also through other associates of that firm.

This case has been in litigation for just short of two years, and the fee requests reflect this duration.[8] Mr. Madison requests an award of attorney fees in the amount of $37,935.00 (33.1 billable hours at $150.00 per hour and 188.4 billable hours at $175.00 per hour) and expenses totaling $148.00.[9] Mr. Standridge requests attorney fees in the amount of $16,912.50 (4.00 hours of travel time at $125.00 per hour and 65.65 billable hours at $250.00 per hour), and expenses totaling $1,774.10.[10] Holleman & Associates, P.A., requests fees in the amount of $32,490.50

---

[6]*Id.*

[7]Doc. No. 92.

[8]Plaintiff's Complaint was docketed October 10, 2008. *See* Doc. No. 1.

[9]Doc. No. 98.

[10]*Id.*

with $413.00 in expenses.[11] In total, Plaintiff's attorneys request $2,335.10 in expenses and

$87,338 in fees representing approximately 500 billable hours.

## II.    DISCUSSION

### A.    Standard

Jackson is entitled to an award of reasonable attorneys' fees and costs. The Eighth Circuit

Court of Appeals outlined the Supreme Court's analysis in addressing fee issues:

> The Supreme court has provided guidelines for determining the amount of attorney's
> fees where Congress has authorized awarding them to a prevailing party. First, the
> district court should determine "the number of hours reasonably expended on the
> litigation multiplied by a reasonable hourly rate." If the prevailing party did not
> achieve success on all claims, this fee may be reduced, taking into account the most
> critical factor, "the degree of success obtained," with discretion residing in the district
> court.[12]

What constitutes a reasonable hourly rate is determined by "prevailing market rates in the

relevant community."[13] The party requesting the fee award bears the burden of substantiating, to

the court's satisfaction, the requested rate as well as the hours expended.[14] Courts may increase

or decrease the fee request in light of considerations like the twelve *Hensley* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
> skill requisite to perform the legal service properly; (4) the preclusion of employment
> by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the
> fee is fixed or contingent; (7) time limitations imposed by the client or the

---

[11]*See* Doc. Nos. 63, 85-1, and 97. This total represents approximately 153 hours of billable time between various lawyers at Holleman & Associates, billing at rates between $150.00 per hour (a few), $175.00 per hour (the vast majority), and $225.00 per hour (few). *Id.* Also included in this total are approximately 63.2 hours billed for services performed by law clerks and paralegals, billing at $25.00 to $100.00 per hour. *Id.*

[12]*Simpson v. Merchants & Planters Bank*, 1441 F.3d 572 (8th Cir. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[13]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[14]See *Hensley*, 461 U.S. at 426.

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[15]

## B.  Application

Being fully advised in the premises by the briefs and evidence filed in support of and in opposition to these motions, and based on my recollection of the attorneys' work in this case and at trial, and in consideration of the various *Hensley* factors, I find that:

1. Subject to the qualifications below, each attorney's rate of pay request is generally reasonable given his experience, reputation, and ability;

2. There have been numerous attorneys involved in this case, and the reported number of billable hours undoubtedly includes some duplicative efforts to "get up to speed" in the case -- as a result, I subtract 10% of Holleman & Associates' fee request;[16]

3. Further, while Mr. Standridge's requested hourly rate is generally reasonable for his services in this market, his services in this particular case have largely been in the capacity of Jackson's "second chair" lawyer. As a result, I believe it is reasonable that Mr. Standridge's billable rate be reduced from $250 per hour to $175 per hour, to match his co-counsel's maximum billable rate;[17]

4. Given the lengthy duration of this case (over two years) the total number of billable hours is generally reasonable;

---

[15]*Hensley*, 461 U.S. 424, at n.3.

[16]Reducing the fee request of $32,490.50 to an award of $29,241.45.

[17]Reducing the total non-travel time fee request of $16,412.00 to an award of $11,488.75.

5.      However, a few of the requested billable hours are for services that should not be
charged to the Defendant -- Mr. Standridge's travel time will be subtracted,[18] as
well as Mr. Madison's time spent calculating his billable hours and preparing his
motions for attorneys' fees;[19]

6.      All requests for costs are reasonable;

7.      Finally, I make no reductions for "partial success" in this case. Although the jury
found that the School District proved its affirmative defense, and so no liability
attached to the sexual harassment finding, Ms. Jackson was successful in
vindicating her core claim and personal rights by proving that she was in fact
sexually harassed and was retaliated against by the School District.[20]

---

[18]Reducing Mr. Standridge's travel-time fee request of $500.00 to $0.00. Mr. Standridge
will still receive his milage reimbursement otherwise requested in expenses.

[19]Mr. Madison's billing records show that on March 10, 12, and 14, he spent a total of 9.5
hours on these projects, at a rate of $175.00 per hour. This equals a $1,662.50 subtraction from
his total fee request of $37,935.00, for an award of $36,272.50.

[20]See *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (noting that
even though the plaintiff was not successful on all her claims, she was successful on the claim
"at the heart of her case" and "her success may nonetheless be considered significant, in light of
the fact that the jury's verdict on her core claim . . . vindicat[ed] important personal rights . . .
[and] also further[ed] the public's interest in providing a fair playing field in the work world.").

**CONCLUSION**

Plaintiff's attorneys' motions for fees and expenses (Doc. Nos. 63. 67, 85, 89, 97, and 98)

are GRANTED as follows:

1.      Mr. Madison is awarded expenses of $148.00, and fees in the amount of
$36,272.50.

2.      Mr. Standridge is awarded expenses totaling $1,774.10, and fees in the amount of
$11,488.75.

3.      Holleman & Associates, P.A., is awarded $413.00 in expenses, and fees in the
amount of $29,241.45.

IT IS SO ORDERED this 2nd day of September, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE